LEE, P.J.,
 

 for the Court:
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. Nan B. Davis is the paternal grandmother to Mason Conerly. Mason is the son of Charles Davis and Sherry Lynn Conerly. Sherry’s parents, Rickey Len Conerly and Linda R. Conerly, adopted Mason in April 1999. Charles’s and Sherry’s parental rights were terminated at that time. Although Sherry’s parental rights were terminated, Mason spends approximately four to five nights a week at her house.
 

 ¶ 2. In 2006, Davis filed suit in the Amite County Chancery Court seeking grandparent’s visitation rights. An agreed temporary order was entered on August 14, 2007, wherein the parties agreed to participate in family counseling conducted by Dr. Pat Brawley. On March 5, 2009, a trial was held on the matter, after which the chancellor granted Davis’s request for grandparent’s visitation. The chancellor granted Davis at least three visitation periods of five hours minimum per visit during the first sixty days. After the initial sixty days, the parties could petition the court for further review.
 

 ¶ 3. The Conerlys appeal the chancellor’s ruling, raising two issues: (1) the chancellor erred in failing to determine whether a viable relationship existed between Davis and Mason, and (2) the chancellor erred in failing to specifically address the factors enumerated in
 
 Martin v. Coop,
 
 693 So.2d 912 (Miss.1997). Finding that the chancellor failed to address the
 
 Martin
 
 factors, we vacate the chancellor’s judgment and remand for further proceedings consistent with this opinion.
 

 STANDARD OF REVIEW
 

 ¶ 4. Absent an abuse of discretion, this Court will not reverse the decision of the chancellor.
 
 Martin,
 
 693 So.2d at 914. “This Court will not disturb the factual findings of the chancellor unless said factual findings are manifestly wrong or clearly erroneous.”
 
 Id.
 
 (citing
 
 McAdory v. McAdory,
 
 608 So.2d 695, 699 (Miss.1992)).
 

 DISCUSSION
 

 I. VIABLE RELATIONSHIP
 

 ¶ 5. In their first issue on appeal, the Conerlys argue that the chancellor erred in not determining whether a viable relationship existed between Davis and Mason as required by Mississippi Code Annotated section 93-16-3(2) and (3) (Supp.2009). According to section 93-16-3(1), if a parent of a minor child has his or her parental rights terminated, either parent of the minor child’s parents may petition the court for visitation. Miss.Code Ann. § 93-16-3(1) (Supp.2009). However, a chancellor need only address section 93-16-3(2) and (3) if 93-16-3(1) does not apply. In this case, Davis’s situation is addressed by 93-16-3(1) because her son’s parental rights were terminated. The chancellor was not required to determine whether Davis and Mason had a viable relationship. This issue is without merit.
 

 II.
 
 MARTIN
 
 FACTORS
 

 ¶ 6. In their second issue on appeal, the Conerlys argue that the chancellor failed to specifically address the factors enumerated in
 
 Martin.
 
 In
 
 Martin,
 
 the Mississippi Supreme Court listed ten fac
 
 *860
 
 tors that should be considered in determining grandparent visitation. The factors are as follows:
 

 1. The amount of disruption that extensive visitation will have on the child’s life. This includes disruption of school activities, summer activities, as well as any disruption that might take place between the natural parent and the child as a result of the child being away from home for extensive lengths of time.
 

 2. The suitability of the grandparents’ home with respect to the amount of supervision received by the child.
 

 3. The age of the child.
 

 4. The age, and physical and mental health of the grandparents.
 

 5. The emotional ties between the grandparents and the grandchild.
 

 6. The moral fitness of the grandparents.
 

 7. The distance of the grandparents’ home from the child’s home.
 

 8. Any undermining of the parent’s general discipline of the child.
 

 9. Employment of the grandparents and the responsibilities associated with that employment.
 

 10. The willingness of the grandparents to accept that the rearing of the child is the responsibility of the parent, and that the parent’s manner of child rearing is not to be interfered with by the grandparents.
 

 Martin,
 
 693 So.2d at 916. The
 
 Martin
 
 court acknowledged that this list was not all-inclusive, stating that the chancellor should weigh “all circumstances and factors he [or she] feels to be appropriate.”
 
 Id.
 
 As always, the best interest of the child is the paramount consideration when determining visitation.
 
 Morgan v. West,
 
 812 So.2d 987, 992 (¶ 13) (Miss.2002).
 

 ¶ 7. The supreme court has held that “making findings of fact under the
 
 Martin
 
 factors is an integral part of a determination of what is in the best interest[s] of a child.”
 
 T.T.W. v. C.C.,
 
 839 So.2d 501, 505 (¶ 12) (Miss.2003). In
 
 Townes v. Many-field,
 
 883 So.2d 93, 97 (¶29) (Miss.2004), the supreme court further stated that “the
 
 Martin
 
 factors are to be applied and discussed in every case in which grandparent visitation is an issue.” In
 
 Townes,
 
 the supreme court remanded the case back to the chancellor for an on-the-record consideration of the
 
 Martin
 
 factors.
 
 Id.
 
 at 97-98 (¶ 30);
 
 see also Morgan,
 
 812 So.2d at 992 (¶ 14) (chancellor was reversed when she failed to articulate her findings regarding the
 
 Martin
 
 factors). In this case, the chancellor did not mention the
 
 Martin
 
 factors or make any on-the-record finding supporting the visitation award. From language appearing in the record, it seems the chancellor believed Davis was statutorily entitled to be awarded visitation with Mason. However, the grandparent-visitation statutes simply give a grandparent such as Davis standing to file a request seeking visitation rights. It is then within the chancellor’s discretion to award or deny visitation after reviewing the
 
 Martin
 
 factors and considering the best interest of the child. Therefore, we vacate the chancellor’s judgment and remand this case for an on-the-record consideration of the
 
 Martin
 
 factors and the entry of an appropriate judgment based on those factors.
 

 ¶ 8. THE JUDGMENT OF THE AM-ITE COUNTY CHANCERY COURT IS VACATED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
 

 KING, C.J., MYERS, P.J., GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ.,
 
 *861
 
 CONCUR. IRVING, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.